### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **FIDELITY AND DEPOSIT COMPANY** | ) | |
| **OF MARYLAND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **No. 06-2483-CM** |
| **D.M. WARD CONSTRUCTION CO., INC.,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

Plaintiff Fidelity and Deposit Company of Maryland brings this action against defendants D.M. Ward Construction Co., Inc.; Ward Properties, L.L.C.; S&F Masonry, Inc.; D. Mark Ward; and Belinda Ward, seeking to enforce an indemnification agreement between the parties. Plaintiff executed surety bonds naming defendant D.M. Ward Construction Co., Inc. as principal for nine construction projects. When problems arose during the projects, construction suppliers and subcontractors made claims under the bonds. Plaintiff paid a number of the claims, but some remain pending. Moreover, suppliers and subcontractors have filed suit, seeking payment under the bonds. Plaintiff is also litigating with at least one obligee involving performance bond claims.

On July 14, 2008, the court granted plaintiff's motion for partial summary judgment (Doc. 62), ordering specific performance of the portion of the indemnification agreement obligating defendants to post collateral security in the amount of $2,800,166.35. Ten days later, defendants filed Defendants' Motion to Reconsider the Court's Memorandum and Order Dated July 14, 2008 [Document 78] and Suggestions in Support Thereof or in the Alternative to Certify the Order Final

for Purposes of an Interlocutory Appeal (Doc. 79).  According to defendants, on July 9, 2008, the parties reached an agreement in principle to settle this matter, but plaintiff withdrew the offer to settle after receiving the court's order.

Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir. 1997); *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).  In exercising that discretion, courts in general have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Marx v. Schnuck Mkts., Inc.*, 869 F. Supp. 895, 897 (D. Kan. 1994) (citations omitted); D. Kan. Rule 7.3 (listing three bases for reconsideration of order).

Defendants argue that the court's July 14 order is clearly erroneous and creates manifest injustice because: (1) the court relied on non-binding cases and ignored Tenth Circuit and Kansas law in deciding that plaintiff was entitled to equitable relief; (2) the court erroneously disregarded arguments raised by defendants in their surreply; and (3) the court erroneously determined that defendants only used the affidavit of Mark Ward in support of their position, when they actually used affidavits of Carol Z. Smith and Thomas C. Finley, which were attached to plaintiff's reply brief.

Defendants are not entitled to relief for any of these reasons.  First, the court did consider the Tenth Circuit and Kansas authorities, specifically stating:

> [D]efendants cite four cases for the general principle that a party may not receive equitable relief when it has engaged in inequitable conduct.  But the cases do not address the specific situation of a surety's rights under an indemnity agreement. *Worthington v. Anderson*, 386 F.3d 1314 (10th Cir. 1004), involved a trademark infringement dispute. *Home Bank & Trust Co. v. Cedar Bluff Cattle Feeders, Inc.*, 959 P.2d 934 (Kan. 1998), involved a suit for wrongful repossession of cattle where

-2-

court applied the unclean hands theory to deny the defendant's claim of unjust enrichment. *Id.* at 939–40. *Great Plains v. Metametrix Clinical Laboratory*, No. 04-2125-GTV, 2004 WL 2491653 (D. Kan. Nov. 3, 2004) discussed the standards for pleading the unclean hands defense. And *Administrative Committee of Wal-Mart Associates Health & Welfare Plan v. Willard*, 302 F. Supp. 2d 1267 (D. Kan. 2004) was an ERISA case. None of the cases requires that the court deny plaintiff's motion.

(Doc. 78, at 3–4.) The court did not "ignore" Tenth Circuit or Kansas authority, and defendants have not shown how the court's determination is clearly erroneous.

Second, although the court stated that the arguments in defendants' surreply should be disregarded, the court then stated, "Nevertheless, even if the court were to consider the arguments, they lack merit." The court then addressed defendants' arguments. Even if the court were incorrect in its assessment that defendants' surreply should be disregarded, the court still addressed the issues raised in the surreply.

Third, the affidavits of Carol Z. Smith and Thomas C. Finley do not support defendants' position. Neither controverts plaintiff's evidence that it established a reserve of $2,800,166.13 for claims and expenses. Defendants' third argument also does not justify relief.

To the extent that defendants ask the court to reconsider its decision because the parties had reached a settlement agreement and it would be manifestly unjust to leave the court's order in place, defendants also have not offered a valid basis for relief. The validity of the alleged settlement agreement is not presently before the court. The court will not set aside its decision merely because the timing of its release interfered with settlement negotiations. If parties wish for the court to stay proceedings pending settlement negotiations, they should file a motion so requesting. Otherwise, the court will continue to consider pending motions on its docket.

Finally, defendants alternatively seek certification of the court's order as final pursuant to Fed. R. Civ. P. 54(b). Rule 54(b) provides that "[w]hen an action presents more than one claim for

relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." The court must weigh the "policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal." *Stockman's Water Co. v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005). The court considers "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id* (citation and internal quotation marks omitted). If the court determines that certification is appropriate, it must make two express findings: (1) that the judgment is final, and (2) that there is no just reason for delay of entry of judgment. *Id.* (citations omitted).

Although the title of defendants' motion requests certification of the court's order as final, defendants do not support their request with arguments or reasons why certification is appropriate. Specifically, defendants do not proffer (1) why it would be inequitable to delay appeal or (2) why a just reason for delay of entry of judgment does not exist. In the absence of such arguments, the court finds no reason to certify the appeal under Rule 54.

In the court's previous order, the court noted in a footnote that "[t]he instant ruling may impact the court's future rulings in this case, but the court does not address its impact now." (Doc. 78, at 5 n.2.) This observation suggests that the claim already determined may not be separable from the other claims to be determined in the case. This same possibility—that the propriety of collateral may have some bearing on other issues—suggests that there is some risk that an appellate court would have to determine the issues more than once. While neither of these considerations weight heavily in favor of denying a Rule 54(b) certification, they give the court concern about certifying a final judgment. Based on these concerns and defendants' utter failure to support their request, the

-4-

court determines that the policy of preventing piecemeal appeals prevails.  The court will not certify a final judgment under Rule 54(b).

**IT IS THEREFORE ORDERED** that Defendants' Motion to Reconsider the Court's Memorandum and Order Dated July 14, 2008 [Document 78] and Suggestions in Support Thereof or in the Alternative to Certify the Order Final for Purposes of an Interlocutory Appeal (Doc. 79) is denied.

Dated this 7th day of October 2008, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**