IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FIDELITY AND DEPOSIT COMPANY** )
**OF MARYLAND,** )
)
        **Plaintiff,** )
)
v. )
) No. 06-2483-CM
**D.M. WARD CONSTRUCTION CO., INC.,** )
**et al.,** )
)
        **Defendants.** )
)

## MEMORANDUM AND ORDER

Plaintiff Fidelity and Deposit Company of Maryland brings this action against defendants D.M. Ward Construction Co., Inc.; Ward Properties, L.L.C.; S&F Masonry, Inc.; D. Mark Ward; and Belinda Ward, seeking to enforce an indemnification agreement between the parties. Plaintiff executed surety bonds naming defendant D.M. Ward Construction Co., Inc. as principal for nine construction projects. When problems arose during the projects, construction suppliers and subcontractors made claims under the bonds. Defendants filed counterclaims for breach of contract, civil conspiracy, breach of fiduciary duties, and tortious interference with business relationships. The case is before the court on Defendants' Motion for Leave to Dismiss Defendants' First Amended Counterclaims [Doc. 43] Without Prejudice (Doc. 89). Defendants seek to voluntarily dismiss their counterclaims so that they can refile amended versions of the claims in an action in Platte County, Missouri involving the parties in this case, as well as others.

**I.**     **Standard of Review**

Pursuant to Federal Rule of Civil Procedure 41(a)(2), the court may allow a party to

voluntarily dismiss an action "upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quotation omitted). The court should grant a motion for voluntary dismissal "[a]bsent 'legal prejudice' to the defendant." *Id.* (citation omitted). When determining "legal prejudice," the court considers the novelty of the circumstances of the case. *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). Relevant factors include the following: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Id*. (citing *Phillips U.S.A., Inc. v. Allflex U.S.A., Inc.*, 77 F.3d 354, 358 (10th Cir. 1996)). The factors are not exclusive; the court should also consider any other relevant factors. *Id.* (citing *Phillips U.S.A., Inc.*, 77 F.3d at 358). The bottom line is that the court should seek substantial justice for all parties. *Id.* (citing 9 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2364, at 278 (2d ed. 1994)). With this underlying goal in mind, the court considers the equities facing both the plaintiff and the defendant. *Id*. (citing Wright and Miller, Federal Practice and Procedure § 2364, at 278). The court does not consider its own time or effort spent on the case. *Id*. (citing *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993)).

Under Rule 41(a)(2), the court may impose terms upon the voluntary dismissal of a party's claim, such as payment of attorneys fees or a limitation on the refiling of certain claims. *See Gonzales v. City of Topeka Kan.*, 206 F.R.D. 280, 283 (D. Kan. 2001) (citing Wright & Miller, Federal Practice and Procedure § 2366, at 305–314 (1995)). "Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action." *Am. Nat'l Bank &*

*Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991) (citations omitted).

**II.     Discussion**

The court will examine the factors for dismissal identified above.

**A.     Plaintiff's Effort and Expense in Preparing for Trial**

Plaintiff filed this case on November 3, 2006. Under the Third Amended Scheduling Order—entered October 22, 2008—the parties were to complete discovery by January 15, 2009. The parties are now operating under the Fourth Amended Scheduling Order, which Judge O'Hara signed on December 17, 2008. Under the present scheduling order, the parties are to complete all discovery by March 20, 2009. The final pretrial conference is set for June 30, 2009, and the case is set on a trial calendar beginning on March 1, 2010.

The length of time the case has been pending and the number of discovery disputes and filings indicate that plaintiff has spent considerable time and resources preparing for the trial of this case. In particular, plaintiff had to respond to a motion to compel relating to defendants' counterclaims. And the discovery already completed in this case would have to be duplicated and likely modified to comply with state law standards if defendants were to refile their counterclaims in Platte County. Under the circumstances of this case, the court finds that this factor weighs in favor of denying defendants' motion to dismiss.

**B.     Excessive Delay and Lack of Diligence by Defendants**

Some of defendants' counterclaims have been pending for over two years. In November 2007, defendants filed an amended counterclaim, alleging civil conspiracy. Presumably, it is the civil conspiracy counterclaim that defendants are most interested in refiling in Platte County to add co-conspirators who are already parties in Platte County—namely, Mega Industries Corporation

("Mega"), Prairieview Development, LLC ("Prairieview"), Tuileries Plaza One, LLC ("Tuileries"), and George Gunter ("Gunter").

In November 2007, defendants alleged in this case that plaintiff conspired with Mega, Prairieview, Tuileries, and Gunter. But defendants did not seek to add the alleged co-conspirators as parties in this action. Defendants now claim that they only recently "learned of additional facts that make it appropriate to assert their civil conspiracy claim against other non-parties to this litigation." Defendants do not explain why they did not have sufficient facts to raise claims against the co-conspirators in the Platte County action or this case in November 2007. While it is possible that defendants had enough information to mention the alleged co-conspirators without also bringing claims against them, the court does not find that this factor weighs in favor of dismissal without prejudice.

**C.     Insufficient Explanation of the Need for Dismissal**

Defendants seek dismissal of their counterclaims because they want to amend their counterclaims to assert claims over additional parties—Mega, Tuileries, Prairieview, and Gunter—over whom they claim this court cannot acquire jurisdiction. Defendants also claim that Platte County, Missouri is the most convenient forum to resolve the claims. It also appears from the exhibits before the court that defendants moved to dismiss their counterclaims in order to defeat plaintiff's argument in the Platte County action that defendants were splitting their cause of action.

Under the Second Amended Scheduling Order entered August 9, 2007, the deadline for joining additional parties or otherwise amending the pleadings was October 31, 2007. This deadline has long since passed, and it seems to the court that while defendants claim that the court would not have personal jurisdiction over the additional co-conspirators, defendants would have to overcome

another hurdle to amend their counterclaims in this case: seeking to add parties over one year after the deadline for doing so passed.  Defendants' explanation does not appear to the court to be a full explanation of why they seek dismissal without prejudice, and this factor weighs against dismissal without prejudice.  Judicial resources are scarce, and the court is reluctant to allow defendants to create work-arounds for deadlines when the parties and the public have an interest in efficiently bring cases to conclusion.

**D.     Present Stage of Litigation**

As mentioned above, this case has been pending for over two years.  Although trial is still a year away, the parties have engaged in extensive discovery that will be completed next month.  Likewise, in the Platte County action, it appears that a settlement between some of the parties has been reached.  The procedural posture of both cases does not support dismissal without prejudice.

**E.     Other Relevant Factors**

The parties spend much of their briefs arguing over whether the counterclaims in this case are compulsory counterclaims.  If claims that are compulsory counterclaims are dismissed in one case, they may not be raised in another case.  *See generally* Fed. R. Civ. P. 13(a).  The court does not address the parties' arguments at length for two independent reasons: (1) The court does not believe it is the proper time to resolve whether the claims are compulsory counterclaims; and (2) The court does not find characterization of the nature of the counterclaims to be necessary to resolve the pending motion.

Nevertheless, the court mentions this equitable factor: If this court grants defendants' request and dismisses the counterclaims without prejudice, defendants run the risk that the Platte County court will find that the counterclaims were, in fact, compulsory in this action.  But the parties would

have to duplicate their briefing efforts in this case to bring the issue before the Platte County court. This is yet another example of how additional resources would be expended if the court were to dismiss defendants' counterclaims without prejudice.

### III.     Conclusion

After weighing all of the above factors, the court determines that the interests of justice will best be served by denying defendants' motion.  The court has considered setting conditions on dismissal such as requiring defendants to pay plaintiff's attorneys fees for responding to discovery relating to the counterclaims in this case, or requiring that discovery produced in this case be used in the Platte County case.  But in light of the differences in the cases and the different stages of the cases, the court concludes that the most equitable result is to keep the counterclaims currently pending in this case.  The court recognizes that it should grant a voluntary motion for dismissal absent legal prejudice, but plaintiff has met its burden of showing legal prejudice here.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Leave to Dismiss Defendants' First Amended Counterclaims [Doc. 43] Without Prejudice (Doc. 89) is denied.

Dated this 10th day of March 2009, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**